IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ERIC PEAGLER, #07403-002, ) | |
| ) | Civil Action No. 3:05-2921-CMC-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| RUTH YANCEY, WARDEN, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Eric Peagler ("Peagler"), is an inmate FCI-Williamsburg, South Carolina, a facility operated by the Federal Bureau of Prisons ("BOP"). He filed his petition for a writ of habeas corpus on October 13, 2005 pursuant to 28 U.S.C. § 2241. Warden Yancy filed her "Return and Motion to Dismiss, or in the Alternative, for Summary Judgment" ("Res. Mem. ___") on December 13, 2005. Peagler filed his first opposition memorandum on December 22, 2005. ("Pet. Mem."). Because Peagler is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on December 28, 2005, explaining to Peagler his responsibility to properly respond to respondent's motion. Peagler filed a second response on January 12, 2006 ("Roseboro Response, ___"). Warden Yancy filed a reply on January 18, 2006. ("Res. Reply ___"). Peagler filed a rebuttal on January 25, 2006. ("Pet. Rebuttal ___").

This case traces Peagler's sojourn through the state (Alabama) and federal criminal justice systems. Multiple convictions have led to his continuous incarceration from January of 2001 in one system or the other. The issues raised by Peagler stem from a mistake made in June of 2003. At that time, the State incorrectly concluded that he had satisfied his debt to Alabama, and Peagler was transferred to federal custody. When the mistake was discovered, Peagler was returned to state

custody where he finished his sentences. He was again returned to federal custody where he remains.

## Grounds for Relief

Peagler states one ground in his petition and supporting facts:

> Ground One: The Bureau of Prison misrepresentation of concurrent sentences effects a consecutive sentence under BOP Policy and Statute 18 U.S.C. § 3585(a) Program Statement § 5880.28.
>
> Supporting Facts: Petitioner is serving a concurrent sentence and requested a nunc pro tunc designation after serving part of his federal sentence a BOP's designated state facility but the BOP policy and this federal institution calculating the concurrent sentences under a statute that does not govern the relief requested in nunc pro tunc designation, 18 U.S.C. § 3621(b). The BOP's misrepresentation applied a consecutive sentence in violation of the Constitution or law or treaties on the United States.

As is readily seen, Peagler's claims are not plainly stated. He appears to have blended two separate claims into this one ground for relief. Respondent believes the following claims are asserted by Peagler (Res. Mem., 2):

1. BOP has wrongly calculated his term of imprisonment by refusing to honor the judgments of Alabama courts that his state sentences should run concurrently with his federal sentence in violation of 18 U.S.C. § 3585(a) and BOP Program Statement 5880.28.

2. BOP improperly denied his request pursuant to 18 U.S.C. § 3621(b) that he be given a *nunc pro tunc* designation allowing him to serve a portion of his federal sentence while he was previously in state custody.

Respondent asserts that Peagler's first claim is barred under the doctrines of res judicata and collateral estoppel and that his second claim has not been properly exhausted through the

administrative process established by BOP. Peagler does not appear to object to the characterization of his claims, but argues against the defenses asserted by respondent. (Pet. Mem., 1-3 and Roseboro Response, 1-2).

  A. Res Judicata and Collateral Estoppel

  Respondent argues that "Peagler's allegation concerning the computation of his federal term of imprisonment have already been adjudicated by another Court of competent jurisdiction," and therefore, the present "petition should be dismissed in part" under the doctrines of res judicata and collateral estoppel. (Res. Mem., 6). This argument seems to be aimed at the first issue states above.

  The record shows that after Peagler was returned to state custody upon realization that he had not finished his state sentences, Peagler filed a § 2241 petition in the United States District Court for the Middle District of Alabama, Peagler v. Price, Civ. Act. No. 2:03-1224-A ("Peagler I"). Exhibit 4 to Respondent's memorandum is a Report and Recommendation by the Honorable Charles S. Coody, Chief United States Magistrate Judge, in that case which summarizes Peagler's multi-jurisdictional journey.[1]

  In relevant part, Magistrate Judge Coody's R&R establishes:

1. In 2002, Peagler was charged in state court with kidnapping, attempted murder, trafficking in marijuana, and conspiracy to traffic in cocaine.

2. In January of 2001, Peagler was release on bond.

---

[1]The R&R was adopted and the petition dismissed by order of the Honorable H. Harold Albritton, Senior United States District Judge. (Res. Mem., Ex. 5).

3. Peagler was charged on another charge of trafficking in marijuana in November of 2001.[2]

4. In February of 2002, Peagler was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum for prosecution of drug charges.

5. Peagler was convicted in the Middle District of Alabama and sentenced to imprisonment for 180 months on November 22, 2002. The judgment was silent as to the relationship of this sentence to any potential state sentence.

6. After imposition of the federal sentence, Peagler returned to state custody for prosecution and a detainer was filed.

7. In March of 2003, Peagler was convicted in state court and sentenced to a term of imprisonment to run concurrent with his federal sentence.

8. Peagler was convicted on another state charge in May of 2003. The court ordered his sentence to run concurrent with the previously imposed state sentence.

9. On June 3, 2003, Peagler was mistakenly released by the State of Alabama into federal custody to begin service of his federal sentence.

10. When the mistake was realized, Peagler was returned to state custody on August 26, 2003 to complete his state sentences.

11. Peagler finished serving his state sentenced on June 15, 2004 and was returned to federal custody.[3]

---

[2]It appears that Peagler has been continuously incarcerated since that time.

[3]See also, "Attachment to Inmate Request to Staff" which is a part of Ex. B to the present petition.

Peagler I was filed while Peagler was in state custody after he had been returned in June of 2003. He argued that pursuant to 18 U.S.C. § 3585(a)[4] BOP to "give him credit against his federal sentence for time served in state prison after he was transferred back to state custody when officials realized their mistake." The Peagler I court specifically rejected this argument based on circuit precedent. (Res. Mem., Ex. 4, pp. 3-5). Further, Peagler I held that there was no basis to order that BOP give Peagler credit for time which was served in state custody which was ordered to run concurrent with his federal sentence because the state cannot compel BOP to take any action with respect to the federal sentence. (Res. Mem., Ex. 4, p. 5, n.4). It appears that Peagler now seeks to renew his argument.

Respondent argues that the calculation of Peagler's term of federal incarceration and the effect of his state sentences thereon was previously litigated in Peagler I, and the issue, therefore, is barred under the doctrines of res judicata and collateral estoppel. Respondent engages in a general discussion of these related doctrines. (Res. Mem., 3-6). However, none of the cases cited by respondent are habeas cases, and respondent makes no attempt to explain how these principles apply in habeas litigation. Respondent offers no discussion of the habeas rules or the statutes which are relevant. The undersigned concludes that the rules and statutes which codify the principles of res judicata and collateral estoppel as they apply habeas litigation preclude Peagler's present petition.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which became effective on April 24, 1996, review of successive habeas petitions was governed by

---

[4] Title 18 U.S.C. § 3585(a) states:
Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

5

the abuse of the writ doctrine. McCleskey v. Zant, 499 U.S. 467, 470 (1991). The AEDPA established a raised "threshold that a prisoner must cross to obtain review of claims presented in a successive application for collateral review." In Re: Williams, 364 F.3d 235, 238 (4th Cir. 2004) citing United States v. Winestock, 340 F.3d 200, 204 (4th Cir.), cert. denied, 540 U.S. 995 (2003). Pursuant to the AEDPA, a prisoner may not file a second or successive § 2254 petition or § 2255 motion to vacate his sentence prior to seeking and receiving authorization to do so from the appropriate court of appeals. In Re: Vial, 115 F.3d 1192 (4th Cir. 1997). See also, 28 U.S.C. §§ 2244(b) and 2255. The standard for the circuit courts of appeal for authorization of a second or successive petition are set forth in 28 U.S.C. § 2244(b)(2). The AEDPA essentially established a new standard and shifted the screening process from the district court to the circuit court. In Re: Williams, 364 F.3d at 238. Absent such authorization from the circuit court, the district court does not have jurisdiction and should dismiss the second or successive petitions without prejudice. United States v. Winestock, 340 F.3d at 205.

Habeas Rule 9 states:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

As amended by the AEDPA, 28 U.S.C. § 2244 now provides in part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

>> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

>> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

>> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

>> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

The issue created by Peagler is whether Habeas Rule 9 and § 2244 apply to federal prisoners who wish to file a successive § 2241 petition to relitigate a claim previously decided. In a thorough discussion of this issue, Magistrate Judge Miller answered the question in the affirmative. See Singletary v. Dewalt, 2005 WL 1162940 (E.D.Va. 2005) (unpublished). Magistrate Judge Miller reasoned that:

> (T)he successive petition doctrine of § 2244(a) does bar a § 2241 petition alleging the same grounds as were denied by a prior § 2241 petition. As opposed to the language used in § 2244(b) which specifically refers to a 'second or successive habeas corpus application under § 2254,' § 2244(a) is not limited to any specific habeas statute.

Therefore, the undersigned recommends denial of Peagler's request for habeas relief because his petition to this Court is a successive petition for writ of habeas corpus barred by § 2244(a).

B.      Administrative Exhaustion

Respondent asserts that Peagler has never used the BOP administrative process to seek and obtain a *nunc pro tunc* designation that he be allowed to serve, and obtain credit on, his federal sentence in the state facility in which he was incarcerated prior to beginning his federal sentence. Pursuant to 18 U.S.C. § 3621(b), BOP can designate that a federal prisoner serve his sentence in a non-federal facility. See Trowell v. Beeler, 135 Fed.Appx. 590 (4th Cir. 2005) (unpublished).

BOP has established an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The first step is to utilize an "Informal Resolution Form" whereby the inmate and staff member engage

in an informal resolution process. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate can then file a formal "Request for Administrative Remedy" form (BP-9) with the Warden of the institution. 28 C.F.R. § 542.14(a). If the Warden's response is unsatisfactory, the inmate may appeal to the appropriate Regional Director utilizing form BP-10. If this step does not result in resolution, the inmate may appeal the decision of the Regional Director to BOP's General Counsel using a BP-11 form. 28 C.F.R. § 541.15(a). The regulations require stringent adherence to deadlines and use of prescribed forms.

A federal prisoner challenging sentence computation and application of credits must exhaust the administrative remedies afforded him by BOP before filing a § 2241 petition in the United States District Court. Chau Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985) and Carmona v. United States Bureau of Prisons, 243 F.3d 629 (2nd Cir. 2001). Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2385-87 (2006). Respondent asserts that Peagler never initiated the Administrative Remedy Program with respect to his request for *nunc pro tunc* designation. This argument is based on the affidavit of Roy Lathrop, Paralegal Specialist at FCI-Edgefield. (Res. Mem., Ex. 6).

Peagler asserts that Exhibits A, B and C to his memorandum filed January 12, 2006 show that he has properly exhausted administrative remedies (See Pet. Rebuttal, pp. 1-3). The undersigned disagrees. Exhibit A is an "Inmate Request to Staff." It is not an "Informal Resolution Form" used to attempt informal resolution prior to beginning the Administrative Remedy Program. Peagler has presented no evidence that he followed the required procedure for review by filing forms BP-9, BP-10, or BP-11. The undersigned, therefore, concludes that he has failed to exhaust his administrative remedies with respect to a *nunc pro tunc* designation.

## Conclusion

After review of the record, it is recommended that respondent's motion for summary judgment be granted.

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

July 20, 2006
Columbia, South Carolina

      **The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
