IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Eric Peagler, #07403-002, | ) | C/A NO. 3:05-2921-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Ruth Yancey, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner housed at FCI – Williamsburg which is located in this district.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On July 20, 2006, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 1, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

The history of Petitioner's circumstance is lengthy and is presented in the Report and Recommendation.[1]  However, the Report omits one fact which is relevant to this case.  When Petitioner was sentenced in federal court in the Middle District of Alabama on November 12, 2002, the Judgment Order indicated that he was sentenced to 180 months' imprisonment, and that "[t]he defendant shall stand committed for service of this sentence upon his release to federal custody."  See Exhibit 1 to Respondent's Return and Motion to Dismiss (Dkt #4, filed Dec. 13, 2005).  At the time Petitioner was sentenced by Alabama state authorities in 2003, he was not yet serving his federal sentence.  Nor did the United States have primary jurisdiction over him, as Petitioner had appeared to answer the federal charges pursuant to a Writ of Habeas Corpus ad Prosequendum.

Petitioner's current § 2241 claim contends the United States Bureau of Prisons' (BOP) failure to give effect to the state court's order that Petitioner's state and federal sentences be served concurrently has given him a consecutive sentence.

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's Objections, the court agrees with the Report.  Accordingly, the court adopts and incorporates such by reference in this Order.

The Magistrate Judge recommended this petition be dismissed as a successive petition under § 2244(a).  Petitioner's § 2241 petition in the Middle District of Alabama was filed in December 2003 while Petitioner was in state custody.  *See Peagler v. Price* ("*Peagler I*"), M.D. Alabama Civil Action

---

[1]The Report contains a typographical error relating to the date on which Petitioner was indicted by state authorities.  Petitioner was indicted on state charges on August 3, 2000, not 200<u>2</u>.

No. 2:03-1224-N. Petitioner's claim in *Peagler I* was that his transfer back to state officials by the BOP effectively ended his federal sentence, and therefore he should not be returned to federal custody at the conclusion of his state sentence. Petitioner did not argue that his federal sentence had been incorrectly calculated, or that he should be given credit against his federal sentence for time served in state prison, or that he had not been given nunc pro tunc credit for the time he had spent in state custody.[2] These arguments were, however, raised by the Federal Respondent in its response to the petition, and thereafter addressed by the Magistrate Judge in his Report and Recommendation in *Peagler I*.[3]

Even if this § 2241 petition is not barred as being a successive petition under 28 U.S.C. § 2244(a), Petitioner cannot prevail on the merits of his claim in this petition. The federal sentence imposed in the Middle District of Alabama specifically indicates that Petitioner "shall stand committed for service of this sentence upon his release to federal custody." This element of the Judgment Order effectively ensured Petitioner would serve his federal sentence *consecutively* to his undischarged state sentence, even if the state court sentenced Petitioner with the expectation that his sentence would be served concurrently with a yet-to-be-served federal sentence.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment is granted. The petition is dismissed with prejudice.[4]

---

[2]Petitioner contended that because BOP had returned him to state custody after his federal sentence had already commenced, his federal sentence was effectively discharged. The court in *Peagler I* found this claim to be without any foundation in the law.

[3]The *Peagler I* petition was dismissed after Petitioner had been returned to federal custody.

[4]To the extent Petitioner raises a claim relating to the BOP's denial of his request to have the commencement of his sentence designated nunc pro tunc, if this is a separate claim, it does not appear Petitioner has exhausted his administrative remedies relating to such. Petitioner contends in his

3

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 21, 2006

C:\temp\notesFFF692\05-2921 Peagler v. Yancey e adopt rr gr sumjgm.wpd

---

objections that he *has* exhausted his administrative remedies, but this exhaustion relates to a separate matter.